UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRIAN KEITH KOEHLER,

    Plaintiff,

v.       CASE NO. 3:19-cv-511-J-34JBT

STATE OF FLORIDA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the IFP Motion be **DENIED** and the case be **DISMISSED**.

**I.   Background**

This appears to be at least the third case filed by Plaintiff in this Court alleging in part that the State of Florida withheld exculpatory evidence in his criminal case

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

from 2001 in which he pled guilty to a charge of lewd and lascivious molestation.[2] Both prior cases filed in this Court were dismissed for several reasons. *See Koehler v. State of Florida*, Case No. 3:17-cv-302-J-20PDB at Docs. 16 & 20; *Koehler v. State of Florida*, 3:18-cv-345-J-25MCR at Doc. 4. In its prior Order, the Court stated that the same reasons supporting dismissal of Plaintiff's claims in those cases appeared to apply in this case. (Doc. 5 at 3–4.)

Specifically, the Court noted that Plaintiff's sparse, conclusory allegations in the Complaint were insufficient to state any claim for relief. (*Id.* at 4.) Additionally, it appeared that Defendant was immune from Plaintiff's claim for damages. (*Id.*) Further, it appeared that Plaintiff's claim was barred by the *Rooker-Feldman* doctrine[3] and/or *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*) The Court took the IFP Motion under advisement and directed Plaintiff to file an amended complaint which cured the deficiencies set forth in that Order. (*Id.*) For the reasons set forth herein, the undersigned recommends that the Amended Complaint fails to state a claim upon which relief may be granted, and that Plaintiff's claim is barred by *Heck*.

## II. Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the

---

[2] The Court previously took judicial notice of Plaintiff's state court criminal case. (Doc. 5.) *See State v. Koehler*, Case No. 16-2001-CF-012068 in the Fourth Judicial Circuit in and for Duval County, Florida.

[3] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Even assuming that the IFP Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Id.*

While pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [pro se] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2).'"  *Lampkin-Asam v. Volusia Cty. Sch. Bd.*,

3

261 F. App'x 274, 277 (11th Cir. 2008).[4]  As such, even pro se complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

### III.   Analysis

The undersigned recommends that even construed liberally, the Amended Complaint does not contain sufficient facts to state any claim for relief, and that any such claim would be barred by *Heck*.  In the Amended Complaint, Plaintiff alleges in only conclusory terms that he was falsely arrested in 2001 for a crime committed by another unnamed person, and that the State of Florida failed to detain or investigate another suspect because that suspect was a law enforcement officer. (Doc. 8 at 3–4.)  No additional relevant information is provided.[5]  The undersigned recommends that Plaintiff's sparse, conclusory allegations are insufficient to state any claim for relief.

---

[4] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

[5] In the initial Complaint, Plaintiff alleged that exculpatory evidence regarding another unnamed suspect was withheld during his 2001 state court criminal case. (Doc. 1 at 4–5.)

4

Additionally, the undersigned recommends that Plaintiff's claim for damages, which is brought pursuant to 42 U.S.C. § 1983, is barred by *Heck*.[6]  In *Heck*, the United States Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486–87 (footnotes omitted).  *See also Vickers v. Donahue*, 137 F. App'x 285, 290 (11th Cir. 2005) (affirming the district court's determination that *Heck* barred the claims of a plaintiff who was no longer in custody because "the

---

[6] It appears that Plaintiff's request in the Amended Complaint "[t]o have the state held [responsible] for [his] mental health [issues]" is a request for damages, particularly in light of his request for $21 million in the initial Complaint.  (Doc. 1 at 4; Doc. 8 at 5.)

factual basis for Vickers's [section 1983 claim of improper arrest] does inevitably undermine his conviction").

Because Plaintiff's claim is based on his 2001 arrest and the subsequent state court criminal proceedings, it appears that a judgment in his favor would necessarily imply the invalidity of his conviction or sentence in his state court criminal case. However, Plaintiff has not, and cannot plausibly, allege that his conviction or sentence has already been invalidated. Rather, it appears from the state court docket that the conviction and sentence remain valid. Therefore, the undersigned recommends that Plaintiff's claim is barred. *See Heck*, 512 U.S. at 486–87.

## IV.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The IFP Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 5, 2019.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff